IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GALLATIN WILDLIFE ASSOCIATION,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNITED STATES FOREST SERVICE; LEANNE MARTEN, in her official capacity as Regional Forester of the United States Forest Service; and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>        Defendants,<br><br>  and<br><br>HELLE LIVESTOCK, a partnership; and REBISH/KONEN LIVESTOCK LIMITED PARTNERSHIP,<br><br>        Intervenor-Defendants. | CV 15-27-GF-BMM<br><br><br><br>**ORDER** |

This case arises from the decision of the United States Forest Service (Forest Service) to authorize seven grazing allotments in the Gravelly Mountains of the Beaverhead-Deerlodge National Forest in southwestern Montana. Plaintiff claims that the decision to allow domestic sheep to graze on the allotments violates the National Environmental Policy Act (NEPA), 42 U.S.C. § 4331 et seq., the

Endangered Species Act (ESA), 16 U.S.C. § 1531 et seq., and the National Forest Management Act (NFMA), 16 U.S.C. § 1600 et seq.

Plaintiff has moved for a preliminary injunction to prohibit grazing on two of the allotments — the Cottonwood allotment and the Fossil-Hellroaring allotment — while the Court addresses its claims. Plaintiff asserts that a preliminary injunction is appropriate and necessary to prevent irreparable harm to bighorn sheep, grizzly bears, and its recreational, aesthetic and conservation interests in the area. Grazing is scheduled to commence on the Cottonwood allotment on July 12, 2015, and continue until September 14, 2015. Grazing is scheduled to begin on the Fossil-Hellroaring allotment on July 18, 2015, and continue until September 14, 2015.

Plaintiff's motion preliminary injunction has been fully briefed. The Court conducted a hearing on July 8, 2015.

A plaintiff seeking a preliminary injunction must establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary injunctive relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Resource Defense Council*, 555 U.S. 7, 20 (2008). In order to secure an injunction, a plaintiff must satisfy all four *Winter* prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

1135 (9th Cir. 2011).  A plaintiff must show that absent an injunction, irreparable harm is not only possible, but likely.  *Winter*, 555 U.S. at 22.

Plaintiff has failed to persuade the Court at this point in the proceedings that a preliminary injunction should issue.  Specifically, Plaintiff has failed to persuade the Court that it is likely to succeed on the merits and that it is likely to suffer irreparable harm in the absence of injunctive relief.  The question of the balance of the equities and whether an injunction would be in the public interest present questions that are to close to resolve at this stage of the proceedings.  The Court will address all of Plaintiff's claims on the merits in due course.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Preliminary Injunction (Doc. 3) is DENIED.

2. A Memorandum further explaining the Court's decision will be issued at a later date.

DATED this 10th day of July, 2015.

/s/ Brian Morris
_____
Brian Morris
United States District Court Judge